PARKER, Justice
(dissenting).
Congressional legislation and regulations of the Food and Drug Administration have created a maze this Court has to navigate to determine the effect of federal preemption on the bedrock legal principles of this State’s jurisprudence. As Justice Murdock so comprehensively demonstrates in his dissenting opinion in this case, our legal principles of duty based on privity, see e.g., State Farm Fire and Casualty Co. v. Owen, 729 So.2d 834 (Ala.1998),[20] have not been expressly subsumed by the federal legislation and regulations in this area in regard to a consumer of a generic drug vis-á-vis the originator/manufacturer of the brand-name drug.
This Court’s modification of its bedrock legal principles in view of federal legislation and regulations in one area could have grave and unforseen effects in other areas. To guard against this, it is incumbent upon *684 this Court to scrutinize any claim of federal preemption to determine the express wording of the limitations of such preemption.
Nothing in federal legislation or regulations at issue here requires this Court to ignore, modify, or override our bedrock legal principles of duty and privity with regard to the originator of a pharmaceutical drug and a consumer who has not consumed a drug manufactured by the originator of the drug. PLIVA, Inc. v. Mensing, 564 U.S. -, 131 S.Ct. 2567, 180 L.Ed.2d 580 (2011), and Mutual Pharmaceutical Co. v. Bartlett, — U.S.-, 133 S.Ct. 2466, 186 L.Ed.2d 607 (2013), have made clear that such a consumer is left without a remedy absent a legislative change by Congress. The United States Supreme Court addressed this implausible result when it stated:
“But ‘it is not this Court’s task to decide whether the statutory scheme established by Congress is unusual or even bizarre.’ Cuomo v. Clearing House Assn., L.L.C., 557 U.S. 519, 556 (2009) (THOMAS, J., concurring in part and dissenting in part) (internal quotation marks and brackets omitted). It is beyond dispute that the federal statutes and regulations that apply to brand-name drug manufacturers are meaningfully different than those that apply to generic drug manufacturers. Indeed, it is the special, and different, regulation of generic drugs that allowed the generic drug market to expand, bringing more drugs more quickly and cheaply to the public. But different federal statutes and regulations may, as here, lead to different pre-emption results. We will not distort the Supremacy Clause in order to create similar pre-emption across a dissimilar statutory scheme. As always, Congress and the [Food and Drug Administration] retain the authority to change the law and regulations if they so desire.”
PLIVA, 564 U.S. at -, 131 S.Ct. at 2582.
Based on the foregoing, I respectfully dissent.

. "[T]he concept of duty does not exist in a vacuum. It requires a relationship between two or more parties, a relationship that can be shown only through a history of contacts, conversations, and circumstances. Determining whether there is a duty necessarily requires analyzing the factual background of the case.” 729 So.2d at 839.